IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY CURTIS,

              Plaintiff,

         vs.                        Case No. 06-2385-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

              Defendant.

MEMORANDUM AND ORDER

Plaintiff Shirley Curtis has applied for Social Security disability benefits. Her application was denied by the ALJ on March 31, 2006, a decision affirmed by the Appeals Council on August 30, 2006. There are three allegations of error by Curtis. First, that the ALJ failed to give controlling weight or appropriate deference to her treating physicians. Second, that the ALJ posed an improper hypothetical question to the Vocational Expert (VE). And third, that the ALJ erred in assessing her credibility.

Plaintiff-claimant Curtis was born in 1957. She has stated that she became disabled beginning May 16, 2003. She has a high school education. She has previously worked as a dispatcher/supervisor, a bus driver, a bartender, and an assistant manager of a convenience store. She has sought benefits for problems with her colon and stated that she experienced general aching. (Tr. 154, 174).

Specifically, Curtis has received several surgeries to repair a rectovaginal fistula, which began in 1999. She had additional surgeries to repair the fistula in 2000, 2001, and 2002, and a colostomy in 2001. In 2004, she had a partial left mastectomy for breast cancer. In 2005, she was diagnosed with severe bilateral carpal tunnel syndrome.

The ALJ concluded that Curtis was suffering from severe impairments, although none which met or equaled any listed impairment in 20 C.F.R. Pt. 404, Subpt P, Ap. 1, Listing of Impairments. The ALJ found that Curtis had the residual functional capacity to lift and carry ten pounds occasionally and lesser weights frequently; limited pushing and pulling; sitting six of eight hours; standing/walking two hours; frequent, repetitive use of her hands; occasional stair climbing, balancing, kneeling, crouching, and stooping; semi-skilled work. (Tr. 37). Specifically, Curtis could

> lift and carry up to 10 pounds maximum occasionally and lesser weight frequently, but is capable of only limited pushing and pulling with any extremity secondary to the colostomy and proximal hernia. She is capable of sitting at least 6 hours total throughout the course of a normal 8-hour workday with normal breaks. She must avoid prolonged standing or walking, but is capable of such for at least 2 hours total throughout the course of a normal 8-hour workday with normal breaks. Due to carpal tunnel syndrome, she must avoid job tasks requiring constant manipulative activities with the bilateral upper extremities or hands including reaching, handling, fingering, or feeling, but is capable of frequent repetitive use within the above-cited weight limits. She is precluded from job tasks requiring climbing ladders or crawling, but otherwise can occasionally perform postural activities including climbing stairs, balancing, kneeling, crouching, and stooping. She is also precluded from job tasks requiring exposure to hazardous machinery or unprotected heights. She retains no significant limitation of ability to see, hear, speak, taste, or smell. She is capable of at least semi-skilled work activity, consistent with her educational attainment and past relevant work experience, but requires a relatively low stress work environment without quotas, and she otherwise retains no significant limitation of ability to understand, remember, and carry out simple to detailed instructions; use simple to detailed judgement; respond appropriately to supervisors, coworkers, and the general public; and adapt to changes in a routine work environment.

(Tr. 39). The ALJ ultimately concluded that Curtis could perform her past relevant work as a dispatcher.

As noted earlier, Curtis first argues that the ALJ erred in failing to give either controlling weight or appropriate weight to her treating physicians, particularly Drs. William Cirocco, M.D.; Craig Lofgreen, M.D.; and Sara Pope, M.D., acting under Richard Hill, M.D.   Dr. Cirocco stated that on November 17, 2003, Curtis was "unable to work in any capacity" due to the peristomal hernia and the colostomy.  (Tr. 255).  Dr. Lofgreen saw Curtis in connection with her request for benefits on June 30, 2004, and stated that it "appears likely that she is incapable of working."  (Tr. 453).  Dr. Pope, on October 6, 2005,  also saw Curtis in connection with her claim for benefits and stated that she "is presently unable to work."  (Tr. 448).

But, as the ALJ noted, such conclusory statements are of minimal value, and the ALJ appropriately turned to the physicians' clinical findings.  The physicians treating Curtis for cancer in 2004 and 2005 (Drs. Glen Talboy and Jill Moormeier) concluded that she should make a full recovery, and should not suffer any residual disability from the illness.  The ALJ noted that the value of the conclusions produced by Drs. Cirocco and Steven Bratton were of limited usefulness because they were so at odds with each other, as well as with their own findings.    (Tr. 34). The ALJ incorporated the assessments of Cirocco and Bratton that Curtis had substantial limitations on her ability to work, but found that the degree of limitations they assessed were not consistent with the record as a whole (Tr. 35).  The ALJ noted that Curtis had seen Dr. Elliot Franks on August, 11, 2003, who found a lack of impairment and noted Curtis's own statement that her pain would "go away" when she took over-the-counter medication.  (Tr. 36). Drs. Joyce Majure-Lees, Richard Watts, and Seymour Lieberman all concluded that Curtis could perform sedentary work.  Dr. Leiberman testified at the evidentiary hearing.  The ALJ found Dr. Majure-Lees particularly helpful because she is an occupational specialist and had presented the most detailed clinical findings.

3

With respect to Dr. Cirocco, the ALJ specifically reviewed the full medical record and found that Cirocco's assessment was inconsistent not only with his own findings, and with the clinical findings generally which revealed no stenosis or encroachment upon neural foramina, and only mild degenerative changes, which indicated full motor strength and nearly full range of motion, but with Curtis's own statements as to her medical abilities.

Reviewing the full record, the court finds no error in the ALJ's assessment of the medical evidence. The ALJ's decision did not ignore or fail to give appropriate deference to treating medical authorities. Rather, the ALJ appropriately reviewed the medical evidence and supported his conclusions with reference to the record.

The ALJ agreed there was objective indicia of impairments which might produce pain, but those impairments did not match her claims of disabling pain as to frequency and severity. The claimant argues that the determination that she was not fully credible was error, since it failed to explicitly consider her consistent prior work history, a relevant consideration, corroborative information in the record (a Social Security interviewer noted that Curtis stated she had to get out of her chair because of her pain), and corroborative information from Drs. Cirocco, Braton, Hill and Lofgren.

The court finds no error in the credibility analysis of the ALJ, which was conducted pursuant to *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and is consistent with the Tenth Circuit's standard set forth in *Luna v. Bowen*, 834 F.3d 161 (10th Cir. 1987). Here, the ALJ noted accurately the existence of evidence which detracted from credibility of Curtis's claims. Although Curtis stated that she quit her KCI Shuttle job because of back and leg pain, she did not attempt to obtain treatment for several months. When she first did see a physician, she reported that she was able to

4

successfully treat her pain with over-the-counter medication.  (Tr. 30). The ALJ also noted his direct personal observation that Curtis was able to sit through the evidentiary hearing without distress or complaint.  (Tr. 29).

The claimant correctly observes that a good work history is relevant to credibility determinations.  *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998), and that third-party witness observations are also valuable. Social Security Ruling 96-7p.  However, contrary to the claimant's argument, the ALJ did in fact consider both Curtis's prior work history, and the observations of third-party witnesses (Tr. 29), even if he did not explicitly address each and every observation, such as that of the note made by the Social Security interviewer.  An ALJ need not separately discuss each piece of evidence in the case.  *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  The ALJ explicitly considered the evidence from the treating and consulting physicians.  Curtis's cancer physician believed she would make a full recovery.

The ALJ did not err in discounting Curtis's subjective complaints of pain.  The assessment of a claimant's credibility is for the ALJ.  *Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1499 (10th Cir. 1992).  This court will not substitute its judgment as to a claimant's credibility, where that finding is founded on substantial evidence.  *See Casias v. Secretary of HHS*, 933 F.3d 799 (10th Cir. 1991).  Here, the ALJ agreed that given Curtis's medical history, she would and did experience some degree of pain; he concluded, however, that her statements as to the degree of pain were not credible.

Finally, Curtis challenges the hypothetical question posed by the ALJ to the VE.  Specifically, she contends that the question was error since it failed to incorporate limitations as to her limited ability to sit, in the use of splints for her hands, or for frequent absenteeism.  The court

5

finds that the question was not reversible error.  First, no vocational testimony was necessary in any event, since the claimant had failed to present a prima facie case that she could not return to her former work.  *See Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001).

Second, the ALJ was not required to incorporate into the hypothetical question limitations which he did not find were supported by the evidence.  See *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).  As noted earlier, the ALJ's assessment of the medical record is supported by substantial evidence, and much of the claimant's argument here reflects simply an attempt to restate limitations which the ALJ otherwise rejected. That rejection of such limits was not erroneous.  For example, she complains that the hypothetical question failed to include a limitation requiring the use of wrist splints.  But the record fails to show Curtis was always required to wear such splints, rather than, as she herself reported, wearing them at night.  (Tr. 400).  Further, Curtis was diagnosed with carpal tunnel in August of 2005.  But she has alleged she became disabled over two years earlier, in May of 2003.  The medical record shows she has substantial grip strength, and in December of 2005, Curtis indicated that the pain in her hands had been absent, with the exception of a mild tingling.  (Tr. 472). She further indicated in response to a questionnaire that she could perform 10 out of 12 activities with no difficulty (she could reach overhead with little difficulty, and scratch her low back with moderate difficulty).  The court finds no error in the hypothetical question posed by the ALJ.

IT IS ACCORDINGLY ORDERED this 6th day of September, 2007 that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

6